GULOTTA, Judge.
Roland De Roche appeals from a workmen’s compensation award under the scheduled loss provisions of the act[1] based on a 10% permanent partial disability of the leg. De Roche claims he is totally and permanently disabled. We affirm.
While employed as an ironworker on November 26, 1973, plaintiff injured his right knee causing a Baker’s cyst to form in the popliteal area of the knee.*[2] The primary thrust of plaintiff’s argument is that the injury has caused an instability of the knee which has impaired his ability to climb and to do heavy lifting (required of an ironworker), thereby endangering himself and his coworkers. Plaintiff secondly complains that straightening his knee causes substantial pain which prevents him from carrying out the duties of his pre-in-jury employment.
It is plaintiff’s position that the trial judge erred when he found a 10% disability of the knee and applied the scheduled loss provisions relating to partial permanent disability. According to plaintiff, ir *809 respective of the percentage disability of the knee, he cannot substantially perform the duties of his former occupation as an ironworker and therefore is totally and permanently disabled.
The record does not support plaintiff’s contention. Following the accident of November 26, 1973, plaintiff continued to work. However, three days later, while on the job, plaintiff’s knee “popped” resulting in substantial pain.
Examination by Dr. Howard Nelson, a general surgeon, on November 29, 1973, revealed fluid in the posterior portion of the knee which he determined to be a Baker’s cyst. The doctor found no fracture and no abnormality of the bone. Based on the November 29 examination, the doctor anticipated a one week disability. He subsequently examined plaintiff on December 3, 1973, and discovered no evidence of a cyst.
Dr. Arthur Kleinschmidt, an orthopedic surgeon, examined plaintiff on five occasions between December 18, 1973 and November 13, 1974. It was Dr. Kleinsch-midt’s opinion that plaintiff sustained a contusion to the right knee and suffered no permanent or partial disability. Based on the possibility of a recurrence of a Baker’s cyst,[3] he would anticipate a 5% or 10% disability which would not prevent plaintiff’s return to work as an ironworker.
Because of recurrence of pain in the knee, De Roche returned to Dr. Kleinsch-midt’s office on August 29, 1974, and saw Dr. Winters, an associate. On this occasion, fluid was aspirated from the knee.
De Roche indicated, on his final visit to Dr. Kleinschmidt’s office on November 13, 1974, that he was working at his regular job and having occasional difficulty with his knee. He added, however, that the difficulty did not prevent him from working.
Examination by Dr. Stuart Phillips on November 19, 1974 and January 24, 1975, revealed a Baker’s cyst. Although Dr. Phillips had not seen the knee when it was acute, he assessed a 10% to 20% disability of the right leg.
So much for the medical testimony.
Consideration of the lay testimony[4] does not support plaintiff’s claim for total disability. Leroy Mayer, an ironworker foreman and coworker, testified that he worked with plaintiff for approximately three months after the accident. According to Mayer, although De Roche complained of pain, he continued to perform his duties as an ironworker.
After the accident, plaintiff performed the duties of a working and nonworking foreman. De Roche continued to perform his supervisory, and his regular, duties which included climbing. Plaintiff admitted that his knee had not hindered his performance as an ironworker. However, he stated that he had not been engaged in all phases of an iron worker’s duties since the accident. De Roche indicated that the knee did not bother him at the date of trial. Nor did it cause any problem when he bowled.
Plaintiff’s reliance on Taranto v. Kaiser Aluminum & Chemical Corp., 280 So.2d 403 (La.App., 4th Cir. 1973) is without merit. Unlike Taranto, the evidence in our case does not indicate that plaintiff was incapable of performing the substantial duties of his occupation. In addition, the injuries in Taranto, consisting of burns on *810 both legs, were more severe, requiring skin grafts.
Accordingly, we conclude the record supports the 10% disability award. The judgment is affirmed.

Affirmed.

. LSA-R.S. 23:1221(4) (h), (o) reads as follows :
§ 1221. Temporary, permanent or partial disability ; schedule of payments
“Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
a * * *
“(4) In the following cases the compensation shall be as follows:
<< * sjs
“(h) For the loss of a leg, sixty-five per centum of wages during one hundred seventy-five weeks.

“(o) In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.”

. A cyst in the back of the knee in which there is an accumulation of fluid.

. Dr. Kleinschmidt did not find a Baker’s cyst in his examination of plaintiff.

. In Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975), our Supreme Court rejected the rule that the court could not consider lay testimony in the absence of a conflict in the medical testimony. The court stated that it was the totality of the evidence, medical and lay, which must be examined by the court in making its determination of whether to grant an award of disability.